B 1 (Official Form 1) (1/08)

**United States Bankruptcy Court**
**District of Delaware**

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br>**PTC Alliance Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>**Pittsburgh Tube Company** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**25-0732395** | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**6051 Wallace Road Ext., Suite 200**<br>**Wexford, PA**<br>ZIP CODE **15090** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Allegheny** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
**Manufacturing**

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |

**Estimated Assets**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [x] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

**Estimated Liabilities**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [x] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**PTC Alliance Corp.** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: Western District of Pennsylvania | Case Number: 06-22110-TPA | Date Filed: 05/10/2006 |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: See Attached Schedule 1 | Case Number: | Date Filed: |
|---|---|---|
| District: District of Delaware | Relationship: Affiliate | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)     (Date) |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | Page 3 |
|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** PTC Alliance Corp. |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U S C § 342(b)<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition<br><br>(Check only one box )<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 USC § 1515 are attached<br><br>☐ Pursuant to 11 U S C § 1511, I request relief in accordance with the chapter of title 11 specified in this petition A certified copy of the order granting recognition of the foreign main proceeding is attached<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X */s/ Mark Eckard*<br>Signature of Attorney for Debtor(s)<br>Mark W. Eckard, Esq. (DE 4542)<br>Printed Name of Attorney for Debtor(s)<br>Reed Smith LLP<br>Firm Name<br>1201 Market Street, Suite 1500<br>Address Wilmington, DE 19801<br><br>302-778-7500<br>Telephone Number<br>10/1/09<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U S C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U S C §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U S C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19 is attached<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer ) (Required by 11 U S C § 110 )<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition<br><br>X */s/ T. W. Crowley*<br>Signature of Authorized Individual<br>Thomas W. Crowley<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br><br>_____<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110, 18 U.S.C. § 156.* |

# SCHEDULE 1 TO VOLUNTARY PETITION

On the date hereof each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed an application requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. PTC Alliance Corp. [xx-xxx2395]
2. Alliance Tubular Products Co. [xx-xxx7185]
3. PACD Acquisition LLC [xx-xxx3405]
4. Enduro Industries, Inc.. [xx-xxx4669]
5. PTC Tubular Products, LLC [xx-xxx9342]
6. Mid-West Mfg. Co. [xx-xxx0660]
7. PT/VW Corporation [xx-xxx9385]

US_ACTIVE-102400986.2-MWECKARD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PTC ALLIANCE CORP.,[1] *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-_____ (___)<br>Joint Administration Pending |

## DECLARATION CONCERNING CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, Thomas W. Crowley, Chief Financial Officer of PTC Alliance Corp., a Delaware corporation, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Consolidated List of Creditors Holding 30 Largest Unsecured Claims submitted herewith and the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: October 1, 2009

_____
Thomas W. Crowley
Chief Financial Officer

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are: PTC Alliance Corp. (2395), with a principal executive office located at 6051 Wallace Road Ext., Suite 200, Wexford, PA 15090; Alliance Tubular Products Co. (7185), with a principal executive office located at 640 Keystone Street, Alliance, OH 44601; PACD Acquisition LLC (3405), with a principal executive office located at 4400 West 3rd, Beaver Falls, PA 15010; ENDURO INDUSTRIES, INC. (4669), with a principal executive office located at 2001 Orchard Avenue, Hannibal, MO 64031; PTC Tubular Products, LLC (9342), with a principal executive office located at 23041 E 800 North Road, Fairbury, IL 61739-8824; MID-WEST MFG. CO. (0660), with a principal executive office located at 475 East 16th Street, Chicago Heights, IL 60411; and PT/VW Corporation (9385), with a principal executive office located at 6051 Wallace Road Ext., Suite 200, Wexford, PA 15090.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| PTC ALLIANCE CORP., *et al.*,[1] <br><br> Debtors. | Case No. 09-_____ (____) <br> (Joint Administration Pending) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

PTC Alliance Corp. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") list the following creditors holding the 30 largest unsecured claims on a consolidated basis (the "Top 30 List"). The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff, or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' right to contest the validity, priority, nature, characterization and/or amount of any claim.

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| U.S. Steel <br> 600 Grant Street <br> Room 1700 <br> Pittsburgh, PA 15219 <br> Attn: John Surma <br> Phone: 412-433-1121 <br> Fax: 412-433-3999 | Trade Creditor | | $690,694.00 |

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are: PTC Alliance Corp. (2395), with a principal executive office located at 6051 Wallace Road Ext., Suite 200, Wexford, PA 15090; Alliance Tubular Products Co. (7185), with a principal executive office located at 640 Keystone Street, Alliance, OH 44601; PACD Acquisition LLC (3405), with a principal executive office located at 4400 west 3rd, Beaver Falls, PA 15010; Enduro Industries, Inc. (4669), with a principal executive office located at 2001 Orchard Avenue, Hannibal, MO 64031; PTC Tubular Products, LLC (9342), with a principal executive office located at 23041 E 800 North Road, Fairbury, IL 61739-8824; Mid-West Mfg. Co. (0660), with a principal executive office located at 475 East 16th Street, Chicago Heights, IL 60411; and PT/VW Corporation (9385), with a principal executive office located at 6051 Wallace Road Ext., Suite 200, Wexford, PA 15090.

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Severstal North America<br>14661 Rotunda Drive<br>PO Box 1699<br>Dearborn, MI 48120-1699<br>Attn: Mark J. Yost<br>Phone: 313-317-8900<br>Fax: 313-337-9377 | Trade Creditor | | $635,963.00 |
| Duferco Farrell Corporation<br>15 Roemer Blvd.<br>Farrell, PA 15121<br>Attn: Robert Miller<br>Phone: 724-983-6464<br>Fax: 724-982-4422 | Trade Creditor | | $388,686.00 |
| Kenwal Steel<br>201 Mississippi Street<br>Gary, IN 46402<br>Attn: Kenneth Eisenberg<br>Phone: 313-739-1000<br>Fax: 313-739-1001 | Trade Creditor | | $305,340.00 |
| Steel Technologies Inc.<br>15166 Collections Center Drive<br>Chicago, IL 60693<br>Attn: Roger D. Shannon<br>Phone: 502-245-2110<br>Fax: 502-244-0182 | Trade Creditor | | $296,360.00 |
| Chrysler-Corporation<br>PO Box 98298<br>19800 Gibralter Road<br>Acct #OL-7251001<br>Chicago, IL 60693<br>Attn: Ronald E. Kolka<br>Phone: 248-576-5741<br>Fax: 248-512-9368 | Trade Creditor | | $224,143.00 |
| Nucor Cold Finish<br>PO Box 809357<br>Chicago, IL 60080<br>Attn: Dan Dimico<br>Phone: 704-366-7000<br>Fax: 704-362-4208 | Trade Creditor | | $178,430.00 |
| Barsteel Corporation<br>484 Central Avenue<br>Highland Park, IL 60035<br>Attn: Stuart Barnett<br>Phone: 847-432-4618<br>Fax: 847-432-5430 | Trade Creditor | | $161,458.00 |
| ArcelorMittal<br>3060 Eggers Road<br>Cleveland, OH 44105<br>Attn: John L. Brett<br>Phone: 312-899-3400<br>Fax: 312-899-3504 | Trade Creditor | | $155,317.00 |

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Marsh USA, Inc.<br>6 PPG Place, Suite 300<br>Pittsburgh, PA 15222-5499<br>Attn: Richard E. Scheib<br>Phone: 412-552-5000<br>Fax: 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 | Trade Creditor | | $148,504.00 |
| J.B. Lee Transportation<br>Box 48<br>Pontiac, MI 61764-0048<br>Attn: President<br>Phone: 815-842-2888<br>Fax: 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 | Trade Creditor | | $89,876.00 |
| Great Western Steel Company<br>2310 West 58th Street<br>Chicago, IL 60636<br>Attn: A. Jack Malec<br>Phone: 773-434-5800<br>Fax: 773-434-3033 | Trade Creditor | | $67,763.00 |
| Century Chemical Corporation<br>916 Jaipur<br>Naperville, IL 60540<br>Attn: Edward Fetters<br>Phone: 574-293-9521<br>Fax: 574-522-5723 | Trade Creditor | | $51,687.00 |
| Frisco Steel Corp.<br>1323 Kenton<br>Deerfield, IL 60015<br>Attn: Thomas V. Prusank<br>Phone: 847-374-8300<br>Fax: 847-374-9605 | Trade Creditor | | $45,768.00 |
| The Timken Corporation<br>1835 Dueber Avenue, SW<br>Canton, OH 44706<br>Attn: Ward J. Timken, Jr.<br>Phone: 330-438-3000<br>Fax: 330-458-6006 | Trade Creditor | | $45,119.00 |
| Universal Am-Can Ltd.<br>PO Box 2007<br>Warren, OH 48090<br>Attn: Mark Limback<br>Phone: 586-920-0100<br>Fax: 586-920-0258 | Trade Creditor | | $44,021.00 |
| Tufts Grinding Company<br>79 E. 34th Street<br>S. Chicago Heights, IL 60411<br>Attn: Bryan Tufts<br>Phone: 708-755-8900<br>Fax: 708-755-8904 | Trade Creditor | | $43,446.00 |

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Ceva Freight LLC<br>18601 Cleveland Parkway<br>Cleveland, OH 44135<br>Attn: Ken Powers<br>Phone: 216-898-6765<br>Fax: 216-898-6766 | Trade Creditor | | $41,298.00 |
| Wayne County Treasurer<br>PO Box 628597<br>Indianapolis, IN 46262-8597<br>Attn: Linda Corder<br>Phone: 765-973-9238<br>Fax: 765-973-9383 | Trade Creditor | | $40,985.00 |
| Superior Steel Supply, LLC<br>#774013<br>4013 Solutions Center<br>Chicago, IL 60677-4000<br>Attn: Chris Reid<br>Phone: 320-796-4274<br>Fax: 320-796-6819 | Trade Creditor | | $39,315.00 |
| Ferrous Metal Transfer Company<br>11103 Memphis Avenue<br>Brooklyn, OH 44144<br>Attn: Tony Potelicki<br>Phone: 216-671-6161<br>Fax: 216-671-6165 | Trade Creditor | | $38,916.00 |
| Perfect Cut-Off Inc.<br>PO Box 1263<br>Twinsburgh, OH 44087<br>Attn: Mike Picciano<br>Phone: 440-943-0000<br>Fax: 440-943-0686 | Trade Creditor | | $34,171.00 |
| Ameren Energy Marketing<br>23532 Network Place<br>Chicago, IL 60673-1235<br>Attn: Warner L. Baxter<br>Phone: 314-621-3222<br>Fax: 314-554-2814 | Trade Creditor | | $33,572.00 |
| Behringer International Machine<br>17 Ridge Road<br>Branchville, NJ 07826<br>Attn: Scott Christina<br>Phone: 973-948-0226<br>Fax: 973-948-2562 | Trade Creditor | | $28,327.00 |
| MSC Industrial Supply Co., Inc.<br>Dept. CH 0075<br>Palatine, IL 60055-0075<br>Attn: David Sandler<br>Phone: 516-812-2000<br>Fax: 800-255-5067 | Trade Creditor | | $26,619.00 |

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Macsteel Heat Treating Div.<br>Dept. 79901<br>PO Box 67000<br>Detroit, MI 48267-079<br>Attn: Mark Marcucci<br>Phone: 517-782-0415<br>Fax: 517-782-8736 | Trade Creditor | | $25,088.00 |
| Wells Fargo Business Credit<br>2460 W. 26th Avenue<br>Suite C-120<br>PO Box 1109<br>Denver, CO 80211-1099<br>Attn: David C. Ciccolo<br>Phone: 303-964-7421<br>Fax: 303-433-2540 | Trade Creditor | | $23,563.00 |
| National Tube Supply Co.<br>925 Central Avenue<br>University Park, IL 60484<br>Attn: Gary Chess<br>Phone: 708-534-2700<br>Fax: 708-534-3387 | Trade Creditor | | $23,276.00 |
| Ferrous Metal Processing Co.<br>11103 Memphis Avenue<br>Brooklyn, OH 44144<br>Attn: Toney Potelicki<br>Phone: 216-671-6161<br>Fax: 216-671-6165 | Trade Creditor | | $20,847.00 |
| Mazzella Lifting Technologies<br>21000 Aerospace Parkway<br>Cleveland, OH 44142<br>Attn: Anthony J. Mazzella<br>Phone: 440-239-7000<br>Fax: 440-239-7010 | Trade Creditor | | $20,509.00 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PTC ALLIANCE CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-\_\_\_\_ (\_\_)<br>Joint Administration Pending |

## CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS

The consolidated list of creditors being filed in electronic format contemporaneously with the foregoing petition (the "Creditor List") constitutes a full and complete list of the name and address of each creditor. This list is being filed pursuant to 11 U.S.C. § 521, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above-above captioned debtors (the "Debtors") reserve the right to file an amended or supplemental list of creditors. The Creditor List is based upon the internal bookkeeping records of the Debtors and is accurate to the best of the undersigned's knowledge, information and belief, subject to further review.

I, Thomas W. Crowley, Chief Financial Officer of PTC Alliance Corp., a Delaware corporation, and an entity named as a Debtor in these cases, declare under penalty of perjury that I have read the Creditor List and it is true and correct to the best of my knowledge, information and belief.

Dated: October 1, 2009

/s/ T. W. Crowley
Thomas W. Crowley
Chief Financial Officer

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are: PTC Alliance Corp. (2395), with a principal executive office located at 6051 Wallace Road Ext., Suite 200, Wexford, PA 15090; Alliance Tubular Products Co. (7185), with a principal executive office located at 640 Keystone Street, Alliance, OH 44601; PACD Acquisition LLC (3405), with a principal executive office located at 4400 West 3rd, Beaver Falls, PA 15010; ENDURO INDUSTRIES, INC. (4669), with a principal executive office located at 2001 Orchard Avenue, Hannibal, MO 64031; PTC Tubular Products, LLC (9342), with a principal executive office located at 23041 E 800 North Road, Fairbury, IL 61739-8824; MID-WEST MFG. CO. (0660), with a principal executive office located at 475 East 16th Street, Chicago Heights, IL 60411; and PT/VW Corporation (9385), with a principal executive office located at 6051 Wallace Road Ext, Suite 200, Wexford, PA 15090.

## PTC ALLIANCE CORP.

### Secretary's Certificate

I, Thomas W. Crowley, Secretary of PTC Alliance Corp. (the "Company"), a Delaware corporation, hereby certify that as of the date hereof:

Attached hereto as Exhibit A is a true and complete copy of Board of Director resolutions (the "Resolutions") duly adopted by or on behalf of the Company and relating to the Chapter 11 Petitions, the Super-Priority Debtor-in-Possession Credit Agreement, and the Asset Purchase Agreement, and the transactions contemplated thereby. Such Resolutions have not been amended, modified or rescinded and remain in full force and effect on the date hereof.

IN WITNESS WHEREOF, I have hereunto signed my name to this Secretary's Certificate this 1st day of October, 2009.

By: *T. W. Crowley*
Name: Thomas W. Crowley
Title: Secretary

Exhibit A

# RESOLUTIONS

[Resolutions begin on next page]

## PTC ALLIANCE CORP.

### Resolutions adopted by the Board of Directors
### at a meeting held September 30, 2009

## APPROVAL OF CHAPTER 11 PETITION AND RELATED MATTERS

WHEREAS, PTC Alliance Corp. (the "Corporation") and certain of its wholly-owned subsidiaries (collectively, the "Companies") are parties to that certain Credit Agreement by and between the Corporation, Black Diamond Commercial Finance, LLC (the "Pre-Petition Agent"), as administrative agent, and the Pre-Petition Credit Agreement Lenders, dated July 25, 2006 (the "Pre-Petition Credit Agreement");

WHEREAS, on July 25, 2006, the Companies, and Black Diamond Commercial Finance, L.L.C., as administrative agent for the lenders, entered into that certain Credit Agreement (the "Black Diamond Credit Agreement"), providing for a credit facility in the aggregate principal amount not to exceed $70,000,000, which credit facility consists of (i) a revolving credit facility in an aggregate principal amount not to exceed $40,000,000, including a letter of credit subfacility of $5,000,000, and (ii) a term loan facility in an aggregate principal amount not to exceed $30,000,000.

WHEREAS, the Black Diamond Credit Agreement is secured by a lien on substantially all of the assets of the Debtors (as defined in the Black Diamond Credit Agreement). Current outstanding principal obligations (including outstanding letters of credit) under the Black Diamond Credit Agreement are approximately $42,592,000.

WHEREAS, on July 25, 2006, the Companies and The Bank of New York, as administrative agent for the lenders entered into that certain Term Loan (A) Agreement (the "Term Loan (A) Agreement"), providing for new term loan promissory notes in the original principal amount of $76,524,688.82 governed by the terms and conditions set forth in the Term Loan (A) Agreement. The Term Loan (A) Agreement is secured by a lien on substantially all of the assets of the Borrowers (as defined in the Black Diamond Credit Agreement). Current outstanding principal obligations under the Term Loan (A) Agreement are approximately $76,524,688.

WHEREAS, on July 25, 2006, the Companies and The Bank of New York, as administrative agent for the lenders entered into that certain Term Loan (B) Agreement (the "Term Loan (B) Agreement" and, collectively with the Black Diamond Credit Agreement and the Term Loan (A) Agreement, the "Credit Agreements"), providing for new term loan promissory notes in the original principal amount of $46,112,163.30 governed by the terms and conditions set forth in the Term Loan (B) Agreement. The Term Loan (B) Agreement is secured by a lien on substantially all of the assets of the Borrowers (as defined in the Black Diamond Credit Agreement). Current outstanding principal obligations under the Term Loan (B) Agreement are approximately $62,507,128.

WHEREAS, the Companies are out of compliance with certain covenants under the Credit Agreements, and Candlewood Partners ("Candlewood") has advised that no alternative financing would likely be available to the Corporation;

WHEREAS, the Companies expect to have continued inability to service their outstanding debt obligations and to remedy their noncompliance with the covenants under the Credit Agreement;

WHEREAS, it appears that more than $181 million is owed by the Companies to its secured lenders;

WHEREAS, having considered the valuation and liquidation analyses and presentation by Candlewood;

WHEREAS, on a date as soon as practicable after the date these resolutions are approved (the "Petition Date"), the Companies (including for the purposes of the following resolutions an additional subsidiary of the Corporation, PT/VW Corporation) intend to file a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to continue in the possession of their assets and in the management of their businesses pursuant to sections 1107 and 1108 of the Bankruptcy Code (the "Chapter 11 Petitions");

WHEREAS, in connection with the Chapter 11 Petitions, the Companies desire to enter into a certain Super-Priority Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement") among the Corporation and certain of its subsidiaries, the lenders party thereto ("Lenders") and Black Diamond Commercial Finance, L.L.C., as administrative agent (in such capacity, the "Administrative Agent") for the Lenders;

WHEREAS, the Board of Directors believes that it is in the best interests of the Companies, their creditors, employees, and stockholders (a) to file voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court, (b) to enter into the DIP Credit Agreement, and (c) to enter into certain other documentation related to the above;

NOW, THEREFORE, be it hereby

<u>Chapter 11 Petition</u>

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interests of the Corporation, its creditors, its employees, its stockholders, and other interested parties, that a petition be filed by the Corporation in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, on behalf of the Corporation, to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code, and to cause the same to be filed with the Bankruptcy Court, in such form and at such time as the authorized person executing said petition on behalf of the Corporation shall determine; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all other action, that they or any of them deem necessary, proper, or desirable in connection with the chapter 11 case, including any and all action necessary or proper in connection with obtaining debtor in possession financing; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Corporation, to take or cause to be taken, from time to time, any and all such further action, and to execute and deliver, or cause to be executed and delivered, all such further agreements, documents, certificates, and undertakings including, but not limited

to, amendments to the documents contemplated hereby following the effectiveness thereof, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable, to effectuate the purpose and intent of these resolutions; and it is

FURTHER RESOLVED, that the law firm of Reed Smith LLP, Reed Smith Centre, 225 Fifth Avenue, Pittsburgh, Pennsylvania 15222 be, and hereby is, employed under a general retainer as attorneys for the Corporation in the chapter 11 case; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Corporation are, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Corporation, to retain such other professionals as they deem appropriate during the course of the chapter 11 case; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by the President, any Vice President, and the Chief Financial Officer of the Corporation to seek relief on behalf of the Corporation under chapter 11 of the Bankruptcy Code, or in any matter related thereto, including in connection with the debtor-in-possession financing, be, and they hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Corporation;

Credit Agreement

RESOLVED, that the proposed entering into by the Companies which are party thereto, of the Super-Priority Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement"), providing for a revolving credit facility to the Companies, jointly and severally, in an aggregate principal amount not to exceed $15,000,000, all as more fully described in and on the terms (including the maturity date and variable interest rates) provided for in the DIP Credit Agreement summary of terms reviewed by this Board be, and it hereby is, in all respects approved; and it is

FURTHER RESOLVED, that the proposed entering into by the Companies of the revolving notes, any documents granting mortgages, security interests or other liens in the Companies, and the other loan documents accompanying the DIP Credit Agreement (collectively, the "DIP Credit Documents") be, and it hereby is, in all respects approved; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of each of the Companies, be, and each of them hereby is, authorized and directed for and on behalf of the Companies to execute and deliver (and, if desired, under the corporate seal of the Companies attested to by its Secretary or Assistant Secretary) the DIP Credit Agreement and each of the DIP Credit Documents in a form as such officer shall approve, the execution and delivery thereof by such officer to constitute conclusive evidence of such approval, and that the President, any Vice President, and the Chief Financial Officer of the Companies be, and each of them hereby is, authorized to take any and all further actions and to execute and deliver any and all documents for and on behalf of the Companies as in his or their opinion may be necessary or desirable to carry out the transactions contemplated by the DIP Credit Agreement and DIP Credit Documents; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Companies be, and each of them hereby is, authorized to borrow, repay and reborrow in the future under the DIP Credit Agreement, to generally administer borrowing under and in compliance with the DIP Credit Agreement and to take all such further action as may be necessary or desirable in connection therewith without further Board approval; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Companies be, and each of them hereby is, authorized, in the name and on behalf of the Companies and under each of their corporate seals or otherwise, to execute, deliver, file, and record such other agreements, instruments, and documents, and to take such other actions, as are contemplated by the

DIP Credit Agreement, the DIP Credit Documents, and all other related agreements or documents or as such officers may deem necessary or appropriate, to accomplish, evidence, and secure the borrowings contemplated by the DIP Credit Agreement and to carry out the purposes of these resolutions.

Asset Purchase Agreement

RESOLVED, that the form and content of the Asset Purchase Agreement (the "Asset Purchase Agreement") between the Companies and the Purchaser named therein (the "Purchaser") and in the form presented to this Board be, and it hereby is, in all respects approved;

RESOLVED FURTHER, that the proper officers of the Companies be, and each of them hereby is, authorized and directed for and on behalf of the Companies to execute and deliver (and, if desired, under the corporate seal of the Companies attested to by their respective Secretary) the Asset Purchase Agreement substantially in the form heretofore approved, with such changes therein and additions thereto as such officers shall approve, the execution and delivery thereof by such officer to constitute conclusive evidence of such approval; and

RESOLVED FURTHER, that the proper officers of the Companies be, and each of them hereby is, authorized and directed for and on behalf of the Companies to take any and all further action and to execute and deliver any and all other documents for and on behalf of the Companies as in his opinion may be necessary or desirable to carry out the transactions contemplated by the Asset Purchase Agreement.

General

RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Companies be, and each of them hereby is, authorized and directed, for and on behalf of the Companies, to pay all necessary and reasonable fees and expenses incurred in connection with the transactions contemplated by these resolutions; and it is

FURTHER RESOLVED, that all actions heretofore taken by the officers of the Companies in connection with the transactions contemplated by the foregoing resolutions be, and each of them hereby is, approved, ratified and affirmed in all respects; and it is

FURTHER RESOLVED, that the President, any Vice President, and the Chief Financial Officer of the Companies be, and each of them hereby is, authorized and directed in the name and on behalf of the Companies to execute and deliver all such documents and instruments and to do all such acts or things as they or any of them shall determine to be necessary, proper or advisable to carry out the purposes of the foregoing resolutions.