## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-13395 (CSS) |
| PTC Alliance Corp., *et al.,*[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | Re: Docket No.*537* |

## ORDER (A) ESTABLISHING BIDDING AND AUCTION PROCEDURES RELATED TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION AND SALE HEARING FOR THE SALE OF THE DEBTORS' ASSETS; (C) PERMITTING CREDIT BIDDING PURSUANT TO BANKRUPTCY CODE SECTION 363(k); (D) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES; AND (E) GRANTING CERTAIN RELATED RELIEF

Upon consideration of the amended motion filed February 5, 2010 (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order pursuant to sections 105, 363, and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (A) establishing bidding and auction procedures in connection with the sale of substantially all of the Debtors' assets; (B) scheduling one or more auctions and setting a date and time for a sale hearing for the sale of the Assets; (C) permitting credit bidding pursuant to Bankruptcy Code 363(k); (D) approving the form and manner of notice of all procedures; and (E) granting certain related relief; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these cases are PTC Alliance Corp., Alliance Tubular Products Co., PACD Acquisition LLC, Enduro Industries, Inc., PTC Tubular Products, LLC, Mid-West Mfg. Co, and PT/VW Corporation.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**FOUND AND DETERMINED THAT:**

A.     The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     Due and proper notice of the Motion was provided as set forth in the Motion, and no other or further notice need be provided.

C.     The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders and all other parties in interest herein.

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is granted to the extent set forth herein.

**Credit Bidding**

2.     The agents (or their respective designees) to each of the Term Loan A Credit Facility, the Term Loan B Credit Facility, the Prepetition ABL Facility (collectively, the "Agents") and the DIP Credit Facility shall be entitled to credit bid, pursuant to Bankruptcy Code section 363(k), their respective claims for the assets to the fullest extent allowed by law and governing agreements.

**Revised Bidding Procedures and Auction**

3.     The Revised Bidding Procedures annexed hereto as Exhibit A are hereby incorporated herein and approved.

4.     If, prior to the Bid Deadline, the Debtors receive more than one Qualified Bid for assets within an Asset Pool or Asset Pools, the Debtors shall conduct one or more auctions (each, an "Auction") on **April 5, 2010 at 5:00 p.m.** (prevailing Eastern Time) at the

offices of DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020 (or such other time and place as designated by the Debtors on notice to the Notice Parties), and (ii) subject to the terms of this Order, to take all actions necessary, in the discretion of the Debtors, to conduct and implement such Auction.

5.      The Debtors may (i) select, in their business judgment, the highest or otherwise best offer(s), and the Successful Bidder(s) (as defined in the Revised Bidding Procedures), and (ii) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Revised Bidding Procedures, or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties in interest.

6.      The failure specifically to include or reference any particular provision, section or article of the Revised Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Revised Bidding Procedures be authorized and approved in their entirety.

## The Sale Hearing

7.      A hearing to approve the sale of all or substantially all of the Debtors' assets pursuant to the Auction (the "Sale Hearing") shall be held before this Court on **April 12, 2010 at 10:00 a.m.** (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

8.      Objections, if any, to the Sale must (a) be in writing; (b) comply with the Bankruptcy Rules and the local rules for the United States Bankruptcy Court for the District of

Delaware; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on **April 7, 2010 at 11:59 p.m.** (prevailing Eastern Time), or such later date and time as the Debtors may agree and (d) be served so as to be received no later than on **April 7, 2010 at 11:59 p.m.** (prevailing Eastern Time), upon the following notice parties (collectively, the "Notice Parties"); *provided, however,* that if the Auction continues beyond 11:59 a.m. (prevailing Eastern Time) on April 6, 2010, then Objections will be due April 8, 2010 at 11:59 a.m. (prevailing Eastern Time); *provided further, however,* that if no Auction is conducted, then Objections will be due April 7, 2010 at 11:59 a.m. (prevailing Eastern Time):

(i)     PTC Alliance Corp., Copperleaf Corporate Centre, 6051 Wallace Road Ext., Suite 200, Wexford, PA 15090 (Attn: General Counsel);

(ii)     DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020-1104 (Attn: H. Jeffrey Schwartz and Bennett S. Silverberg), counsel to the Debtors;

(iii)     Black Diamond Commercial Finance, L.L.C., One Sound Shore Drive, Suite 200, Greenwich, CT 06830 (Attn: Account Manager), Administrative Agent under the prepetition $70,000,000 senior secured revolving and term loan credit facility (the "Prepetition ABL Facility", the agent of which is the "Prepetition ABL Agent");

(iv)     Black Diamond Commercial Finance, L.L.C., 100 Field Drive, Lake Forest, IL 60045-2580 (Attn: Hugo H. Gravenhorst), Administrative Agent under the postpetition debtor in possession credit facility (in such capacity, the "DIP Agent");

(v)     Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL 60601-9703 (Attn: Daniel J. McGuire), counsel to the DIP Agent;

(vi)     The Bank of New York Mellon, 600 East Las Colinas Boulevard, Suite 1300, Irving, TX 75039 (Attn: Director of Agent Services, Stephen Jerard), Administrative Agent under each of the Term Loan A Credit Facility and Term Loan B Credit Facility (the "Prepetition Term Loan Agent");

(vii)    McGuire Craddock & Strother, P.C., 500 North Akard, Suite 3550, Dallas, TX 75201 (Attn: Jonathan Thalheimer), counsel to The Bank of New York Mellon;

(viii)   Vedder Price P.C., 222 N. LaSalle Street, Suite 2600, Chicago, IL 60601 (Attn: Michael M. Eidelman) and Pepper Hamilton, 1313 Market Street, Wilmington, DE 19899 (Attn: David Stratton), counsel to CIT Middle Market Loan Trust III, The CIT Group/Business Credit, Inc. and Grand Central Asset Trust, BDC Series; and

(ix)     McGuireWoods LLP, EQT plaza, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA 15222 (Attn: Mark E. Freedlander and William C. Price), counsel to the Committee.

9.      Replies to any Objection shall be filed and served upon the Notice Parties no later than **April 9, 2010 at 11:59 p.m. (prevailing Eastern Time).**

10.     CIT Middle Market Loan Trust III's, The CIT Group/Business Credit, Inc.'s and Grand Central Asset Trust, BDC Series' (collectively, the "Objectors") (1) Objection To The Bidding Procedures Portion Of The Sale Motion; and (2) Cross-Motion To Determine Value Of Collateral in Accordance with 11 U.S.C. §506(a) is withdrawn; provided such objections and cross-motion are fully preserved for the Sale Hearing. The Objectors may file additional objections to the Proposed Sale prior to the Sale Hearing in accordance with the Order.

11.     Either of the Debtors and the Objectors may seek to produce appraisal evidence of the going-concern value (or any other valuation) of the Asset Pools (as defined in the Revised Bidding Procedures) at the Sale Hearing. The Debtors and the Objectors shall agree on an appropriate schedule for the discovery of such appraisals. The Debtors shall cooperate with the Objectors to provide reasonable access to any appraiser to conduct an appraisal of the Asset Pools.

12.     Nothing contained herein shall adjust any parties' burden of proof under applicable law.

## Additional Provisions

13.     The Debtors are authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established under this Order.

14.     This Order shall be binding upon and inure to the benefit of any Successful Bidder and its affiliates, successors and assigns, and the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors, whether in these cases or subsequent bankruptcy cases or upon dismissal of any of these cases.

15.     As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

16.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Revised Bidding Procedures and the implementation of this Order.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated:   ___3/10___, 2010
         Wilmington, Delaware

_____
United States Bankruptcy Judge